Maximo HERNANDEZ, Jr., Plaintiff–Appellant,

v.

F. Whitten PETERS, Secretary of the Air Force, in his official capacity; Colonel Gary D. Dills, ex 377th ABW Wing Commander, in his official and individual capacities; Colonel Polly Peyer, ex 377th ABW Wing Commander, in her official and individual capacities; Colonel Jan D. Eakle, current 377th ABW Wing Commander, in her official capacity; and George P. Elder, Staff Attorney, in his official and individual capacities, Defendants–Appellees.

No. 01–2370.

United States Court of Appeals, Tenth Circuit.

Dec. 11, 2002.

Dennis W. Montoya, Albuquerque, NM, for Plaintiff–Appellant.

Cynthia L. Weisman, David C. Iglesias, U.S. Attorney, Office of the United States Attorney, Albuquerque, NM, John Ricou Heaton, Air Force Legal Services Agency, Timothy J. Cothrel, U.S. Air Force, Arlington, VA, for Defendants–Appellees.

Before MURPHY, BALDOCK, and O'BRIEN, Circuit Judges.

**ORDER AND JUDGMENT***

BALDOCK, Circuit Judge.

Plaintiff Maximo Hernandez, Jr. appeals the district court's grant of Defendants' motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties to this case are familiar with its facts and procedural history, and we will not repeat them here. This court reviews *de novo* a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6). *See McDonald v. Kinder–Morgan, Inc.,* 287 F.3d 992, 997 (10th Cir.2002). We will affirm a dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Id.* We accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* On appeal, Hernandez asserts the trial court erred in dismissing his Title VII claims for lack of jurisdiction and his remaining claims for failure to state a claim on which relief could be granted.[1] The district court memorandum and order set forth a detailed explanation

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Hernandez also asserts the district court erred by (1) placing the case on administra-

tive track and not permitting him an opportunity to conduct discovery; and (2) considering a copy of a letter from Defendant Dills without first verifying its authenticity. Hernandez failed to raise either issue before the district court and is not entitled to assert these arguments for the first time on appeal. *See United States v. Botefuhr,* 309 F.3d 1263, 1279 (10th Cir.2002).

of the grounds for dismissal. We affirm substantially for the reasons stated by the district court.

AFFIRMED.